**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 99-4379

LARON GRIFFIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-943)

Submitted: December 22, 1999

Decided: January 14, 2000

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

N. Elliott Barnwell, Charleston, South Carolina, for Appellant. Miller
Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTOR-
NEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Laron Griffin pled guilty to conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, 21 U.S.C. § 846 (1994). The district court initially imposed a 210-month sentence. The district court thereafter granted Griffin's Fed. R. Crim. P. 35 motion to correct his sentence and, upon resentencing, reduced Griffin's term of imprisonment to 168 months. Following the filing of a timely notice of appeal, Griffin's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issues: whether the district court erred in refusing to admit privileged statements made by some of Griffin's co-conspirators to their respective attorneys in the absence of a waiver of attorney-client privilege and of their Fifth Amendment rights, and whether the polygraph questions that were administered to Griffin prior to his resentencing were overly broad and constituted grounds to reverse his sentence. We have reviewed counsel's arguments, Griffin's pro se supplemental brief, and the record, and we find no reversible error.

We have further examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

2